IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs February 21, 2024

**STONEYBROOKE INVESTORS, LLC v. AGNESS MCCURRY**

**Appeal from the Circuit Court for Washington County**
**No. 42519          D. Kelly Thomas, Jr., Senior Judge**
_____

**No. E2024-00253-COA-T10B-CV**
_____

This matter involves an interlocutory appeal as of right, pursuant to Tennessee Supreme Court Rule 10B, from the Washington County Circuit Court's denial of a motion to recuse filed by the appellant. Having reviewed the petition for recusal appeal and other filings submitted by the appellant, we determine that the appellant failed to comply with the mandatory requirements of Rule 10B. We therefore affirm the trial court's ruling.

**Tenn. Sup. Ct. R. 10B Interlocutory Appeal as of Right;**
**Judgment of the Circuit Court Affirmed**

THOMAS R. FRIERSON, II, J., delivered the opinion of the court, in which ANDY D. BENNETT and KENNY ARMSTRONG, JJ., joined.

Agness Mccurry, Johnson City, Tennessee, Pro Se.

Will A. Ellis, Johnson City, Tennessee, for the appellee, StoneyBrooke Investors, LLC.

**OPINION**

I. Factual and Procedural Background

The underlying matter in this recusal appeal involves a landlord's attempt to evict and collect past due rent from a tenant. In December 2019, the appellant, Agness Mccurry, entered into a lease agreement with the appellee, StoneyBrooke Investors, LLC ("StoneyBrooke"), concerning property located on Swadley Road. The record demonstrates that Ms. Mccurry failed to timely pay rent after July 2023. StoneyBrooke filed a detainer action in the Washington County General Sessions Court, which resulted in that court's entry of a judgment against Ms. Mccurry in November 2023. Ms. Mccurry appealed the judgment to the Washington County Circuit Court ("trial court").

While the matter was pending in the trial court, the judges of the First Judicial District recused themselves due to a conflict of interest, and Chief Justice Holly Kirby designated Senior Judge D. Kelly Thomas, Jr., to hear the case. Since that time, the record reflects that Ms. Mccurry has filed more than one recusal motion in the trial court. However, the operative motion from which Ms. Mccurry has appealed was filed in the trial court on February 16, 2024 ("the Recusal Motion"). In the Recusal Motion, Ms. Mccurry alleged that Judge Thomas had actual bias against Ms. Mccurry, evinced by his "inconsistent order granting a 'zoom trial' in this case while denying access to her in cases CR-49122 and #38147."

Ms. Mccurry concomitantly filed an affidavit pursuant to Tennessee Supreme Court Rule 10B. In this affidavit, Ms. Mccurry stated in pertinent part:

Defendant, Agness Mccurry, in the above captioned matter submits this affidavit in support of her 2nd motion to recuse Senior Judge D. Kelly Thomas Jr pursuant to Rule 10B of the Tennessee Supreme Court. This motion is not presented for "*any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation*" and "*under the penalty of perjury on personal knowledge and by other appropriate materials.*"

Section 1.01 of Rule 10B states: "*The motion shall be filed no later than ten days before trial, absent a showing of good cause which must be supported by an affidavit. The motion shall be supported by an affidavit under oath or a declaration under penalty of perjury on personal knowledge and by other appropriate materials.*"

(Emphasis in original.) Ms. Mccurry then presented her allegations concerning the allowance of a "zoom trial" in this matter when, according to Ms. Mccurry, Judge Thomas had required in-person hearings in other pending matters in which she was involved.

The trial court entered an order denying the Recusal Motion on February 16, 2024, stating that Ms. Mccurry had failed to present a valid basis for recusal and had identified no facts demonstrating bias. Ms. Mccurry timely filed a petition for recusal appeal in this Court pursuant to Tennessee Supreme Court Rule 10B.

II. Issue Presented and Standard of Review

The only issue before the Court in this appeal is whether the trial judge erred by denying Ms. Mccurry's Rule 10B motion. *See Duke v. Duke*, 398 S.W.3d 665, 668 (Tenn. Ct. App. 2012); *Beaman v. Beaman*, No. M2018-01651-COA-T10B-CV, 2018 WL 5099778, at *12 (Tenn. Ct. App. Oct. 19, 2018). As this Court has explained, "we

may not review the correctness or merits of the trial court's other rulings." *See Duke*, 398 S.W.3d at 668. We review the trial court's denial of a motion to recuse under a *de novo* standard of review. *Moncier v. Wheeler*, No. E2020-00943-COA-T10B-CV, 2020 WL 4343336, at *1 (Tenn. Ct. App. July 28, 2020).

### III. Petition for Recusal Appeal

After a review of the petition and supporting documents submitted by Ms. Mccurry, we determine that an answer, additional briefing, and oral argument are unnecessary to our disposition. As such, we have elected to act summarily on this appeal in accordance with sections 2.05 and 2.06 of Rule 10B. *See* Tenn. Sup. Ct. R. 10B, § 2.05 ("If the appellate court, based upon its review of the Petition for recusal appeal and supporting documents, determines that no answer from the other parties is needed, the court may act summarily on the appeal. Otherwise, the appellate court shall order that an answer to the petition be filed by the other parties."); § 2.06 ("An accelerated interlocutory appeal shall be decided by the appellate court on an expedited basis. The appellate court's decision, in the court's discretion, may be made without oral argument.").

Pursuant to Tennessee Supreme Court Rule 10B, a litigant is entitled to seek disqualification of a trial judge by filing a motion that is supported by an affidavit under oath or a declaration under penalty of perjury by personal knowledge and by other appropriate materials. *See* Tenn. Sup. Ct. R. 10B, § 1.01; *see also Moncier*, 2020 WL 4343336, at *1. If the motion for recusal is denied by the trial court, the litigant may file an accelerated interlocutory appeal with this Court by filing a petition for recusal appeal within twenty-one days of the trial court's entry of the denial order. Tenn. Sup. Ct. R. 10B, § 2.02. The petitioner is also required to include "a copy of the motion and all supporting documents filed in the trial court, a copy of the trial court's order or opinion ruling on the motion, and a copy of any other parts of the trial court record necessary for determination of the appeal." Tenn. Sup. Ct. R. 10B, § 2.03.

Ms. Mccurry has included with her filings a copy of the affidavit that she filed in the trial court in support of the Recusal Motion. We have quoted from the pertinent portion of her affidavit above. Although Ms. Mccurry acknowledged in her affidavit that she was required to file it under oath or make a "declaration under penalty of perjury on personal knowledge," Ms. Mccurry complied with neither of these requirements in her affidavit.

As relevant to this issue, Ms. Mccurry's affidavit contains the following statement:

> This motion is <u>not</u> presented for "*any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of*

- 3 -

*litigation*" <u>and</u> "*under the penalty of perjury on personal knowledge and by other appropriate materials*."

(Emphasis by underlining added.) Accordingly, the grammatical construction of this sentence indicates that the Recusal Motion is <u>not</u> presented for "any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation" and also that the Recusal Motion is <u>not</u> presented "under the penalty of perjury on personal knowledge and by other appropriate materials." Importantly, Ms. Mccurry makes no declaration in her affidavit demonstrating that she is filing the affidavit under penalty of perjury or on personal knowledge.

This Court has repeatedly held that the requirements of Rule 10B must be strictly followed. *See Johnston v. Johnston*, No. E2015-00213-COA-T10B-CV, 2015 WL 739606, at *2 (Tenn. Ct. App. Feb. 20, 2015) ("We emphasize . . . that the accelerated nature of these interlocutory appeals as of right requires meticulous compliance with the provisions of Rule 10B regarding the content of the record provided to this Court so as to allow this Court to meet its obligations under section 2.06 of the rule, which requires this Court to decide these appeals 'on an expedited basis.'"); *Elliott v. Elliott*, No. E2012-02448-COA-10B-CV, 2012 WL 5990268, at *3 (Tenn. Ct. App. Nov. 30, 2012) ("[I]t is imperative that litigants file their petitions for recusal appeal in compliance with the mandatory requirements of Rule 10B in the first instance."). Accordingly, Rule 10B "makes the affidavit in support of the motion for recusal mandatory." *Smith v. Smith*, No. E2017-01295-COA-R3-CV, 2019 WL 410702, at *3 (Tenn. Ct. App. Jan. 31, 2019). "When a petitioner fails to support a motion with this mandatory affidavit or declaration under penalty of perjury, we have repeatedly held that the request for recusal was waived." *Moncier*, 2020 WL 4343336, at *3.

We reiterate that Ms. Mccurry's affidavit was not filed under oath and did not contain a declaration that it was filed under penalty of perjury and upon personal knowledge. Concerning the Recusal Motion itself, Ms. Mccurry's affidavit stated the opposite.

Although this Court has acknowledged that the specific words "on personal knowledge" were not required when it was clear from the content of the affidavit that the affiant was conveying personal knowledge, *see Beaman*, 2018 WL 5099778, at *13, this Court has consistently required either an affidavit made under oath or a declaration from the litigant made under penalty of perjury. *See, e.g.*, *Burkhart v. Burkhart*, No. M2023-01390-COA-T10B-CV, 2023 WL 6818637, at *3 (Tenn. Ct. App. Oct. 17, 2023); *Moncier*, 2020 WL 4343336, at *3. In the absence of an affirmative oath or declaration by Ms. Mccurry concerning the truthfulness of her statements contained in the affidavit, we have no choice but to consider the Recusal Motion to be unsupported.[1]

---

[1] We note that although parties proceeding without benefit of counsel are "entitled to fair and equal

As this Court has previously concluded, when the appellate record is "'procedurally flawed' by the petitioner's failure to include an affidavit or declaration under penalty of perjury in support of the motion to [recuse], 'the record is insufficient to determine the issues raised' in the appeal." *Moncier*, 2020 WL 4343336, at *4. Accordingly, the trial court's denial of the recusal motion must be affirmed. *Id.*

## IV.  Conclusion

For the foregoing reasons, the judgment of the trial court is affirmed.  Ms. Mccurry's request for a stay of the trial court proceedings is denied as moot.  This case is remanded to the trial court for further proceedings consistent with this Opinion.  Costs on appeal are assessed to the appellant, Agness Mccurry.

s/Thomas R. Frierson, II

_____
THOMAS R. FRIERSON, II, JUDGE

---

treatment by the courts," we "must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe." *Hessmer v. Hessmer*, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003).  Accordingly, Ms. Mccurry's *pro se* status does not relieve her of the obligation to comply with the requirements set out in Tennessee Supreme Court Rule 10B. *See Burkhart*, 2023 WL 6818637, at *3.